IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD BUKSTEL<br><br>    v.<br><br>LEARNED JEREMIAH HAND, et al. | CIVIL ACTION<br><br>NO. 15-375 |

Baylson, J.                                                                                              July 21, 2015

**MEMORANDUM AND ORDER**

Now pending before the Court are Plaintiff's Motion for Leave to Amend the Complaint (ECF 8) and two motions filed "ex parte" seeking various forms of preliminary relief (ECF 11 and 12). For the reasons outlined below, all three motions will be **DENIED**.

**I.    Motion for Leave to Amend**

By Memorandum and Order dated March 17, 2015, this Court refused to allow *pro se* Plaintiff to file an amended complaint unless Plaintiff filed, within thirty (30) days, a supplemental brief in support, showing specific legal authority for his allegations against numerous new Defendants. For nine of the eleven Counts in Plaintiff's proposed Amended Complaint, the Court's Memorandum identified problems that appeared to make many or all of these Counts frivolous. Plaintiff belatedly filed a combined response and motion for reconsideration on May 6, 2015 (ECF 11).

Plaintiff's response does not provide an adequate legal basis for the Counts in the proposed Amended Complaint. For example, the response does not address Plaintiff's lack of capacity to bring proposed Count 2, does not address the claim preclusion/res judicata issues related to proposed Counts 3, 4, 7, and 8, and does not identify a viable legal basis for proposed Counts 5, 9, 10, and 11. Accordingly, Plaintiff's Motion for Leave to Amend (ECF 8) will be **DENIED**

because the proposed amendment would be largely futile and frivolous, and would unfairly burden dozens of additional defendants with allegations that appear to lack a legal foundation.

In addition, as stated in the Court's March 17, 2015 Order and further discussed below, the Court will not authorize service of an amended complaint until service of the original complaint is completed or the unserved original Defendants are dropped from the case.

## II.  Motions for Other Relief

Plaintiff's May 6, 2015 filing included an "ex parte" motion for reconsideration (ECF 11) and on June 23, 2015 he filed a new "ex parte" motion requesting injunctive relief and service of the complaint via e-mail as to Defendant Jehu Hand (ECF 12).

### A.  Service of the Summons and Complaint

On July 6, 2015, the U.S. Marshal filed a completed return of service with respect to Defendant Joel Hand (ECF 14) and unexecuted summons with respect to Defendants Jehu Hand and Learned Jeremiah Hand (ECF 13). On July 8, 2015, Defendant Joel Hand filed an Answer (ECF 15). Pursuant to Fed. R. Civ. P. 4(m), the 120-day period for service of the summons upon the original Defendants has lapsed.

In his most recent ex parte motions (ECF 11 and 12), Plaintiff renews his request to serve Defendant Jehu Hand via e-mail, arguing that Jehu Hand's website now shows a physical address in Antigua and Barbuda, and that Hand's e-mail address was confirmed in November 2014 in the related case Advanced Multilevel Concepts v. Bukstel, Civil No. 11-3718. Plaintiff also contends that Hand has implicitly acknowledged receipt of the complaint because the website where Hand is allegedly cybersquatting now includes a sentence stating "Gripe website is not cybersquatting" and a court decision regarding cybersquatting.

Jehu Hand's alleged relocation to Antigua is a reason to extend the time for serving this

Defendant, however, international service must be completed in accordance with the Hague Convention. Plaintiffs' motion does not address whether service via e-mail to a party in Antigua would comply with the Hague Convention. See Elobied v. Baylock, 299 F.R.D. 105, 108 (E.D. Pa. 2014) (holding that the Hague Convention does not permit e-mail service upon a party in Switzerland). Accordingly, Plaintiff's Motions (ECF 11 and 12) seeking permission to serve Jehu Hand via e-mail will be **DENIED** without prejudice. Plaintiff will be **ORDERED** to serve Jehu Hand in compliance with the Hague Convention within 90 days of the date of this Order. If Plaintiff renews his motion for an alternative form of service upon Jehu Hand, he must explain why the proposed form of service complies with the Hague Convention.

As to Defendant Learned Jeremiah Hand, Plaintiff has not provided an adequate justification for the failure to serve this Defendant within the time provided by Rule 4(m). Plaintiff will be **ORDERED** to show cause within 30 days of the date of this Order why the time for service should be extended as to Defendant Learned Jeremiah Hand.

B.     Injunctive Relief

In the March 17, 2015 Order, the Court denied Plaintiff's motion seeking "ex parte" preliminary injunctive relief and noted "if plaintiff requests relief in a future motion, plaintiff must show that defendants have been served with the pleadings and motions." The Court has made clear that without service on defendants, the Court will not entertain any requests for relief by plaintiff. The Court will **ORDER** Plaintiff not to file any further motions on an "ex parte" basis.  Until and unless plaintiff follows the requirements of Rule 4 concerning service of process, and provides a certificate of service for papers filed in this Court, the Court will not take any action on Plaintiff's requests for relief.

The two most recent motions, ECF 11 and ECF 12, do not include a certificate of service

and were filed prior to the return of service with respect to Defendant Joel Hand. In accordance with the Court's prior Order, these "ex parte" motions (ECF 11 and 12) will be **DENIED** for failure to serve them on Defendants.

### III.     ORDER

For the foregoing reasons, it is hereby **ORDERED** that:

1. Plaintiff's Motion for Leave to Amend (ECF 8) is **DENIED**;

2. Plaintiff's Motions (ECF 11 and 12) seeking permission to serve Jehu Hand via e-mail are **DENIED** without prejudice;

3. Plaintiff is **ORDERED** to serve Defendant Jehu Hand in compliance with the Hague Convention within 90 days of the date of this Order;

4. Plaintiff is **ORDERED** to show cause within 30 days of the date of this Order why the time for service of the complaint and summons should be extended as to Defendant Learned Jeremiah Hand;

5. Plaintiff's Motions (ECF 11 and 12) seeking various forms of injunctive relief are **DENIED**; and

6. The Courts **ORDERS** that Plaintiff shall not file, and the Clerk shall not accept, any further motions on an "ex parte" basis.

                                                               **BY THE COURT:**

                                                                /s/ Michael M. Baylson
                                                               _____
                                                               **MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 15\15-375 bukstel v hand\15cv375.mem.order.ex parte.2015.07.20.docx